# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 28 2018, 10:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR
APPELLANT/CROSS-APPELLEE

Hayleigh J. Neumann
The Nice Law Firm, LLP
Indianapolis, Indiana

ATTORNEY FOR
APPELLEE/CROSS-APPELLANT

Richard D. Martin
Law Offices of Richard D. Martin
& Associates
Frankfort, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

G.B.,

*Appellant/Cross-Appellee-Petitioner,*

v.

R.B.,

*Appellee/Cross-Appellant-Respondent,*

February 28, 2018

Court of Appeals Case No.
12A02-1708-DR-1874

Appeal from the Clinton Superior
Court

The Honorable Justin H. Hunter,
Judge

Trial Court Cause No.
12D01-9210-DR-266

**Baker, Judge.**

[1] G.B. (Father) and R.B. (Mother) have been divorced since 1992. Father has remained in arrears on his child support obligation for much of the past two decades. He argues that the trial court erred in calculating his current arrearage. Finding no error, we affirm. Mother also cross-appeals, arguing that the trial court seemingly limited her arrearage collection method to a final order of garnishment through proceedings supplemental. We remand with instructions to clarify Mother's collections remedies as explained further herein.

## Facts

[2] Father and Mother were married and had two children, born in October 1986 and April 1990. The marriage was dissolved on December 4, 1992. The decree of dissolution awarded physical custody of the children to Mother and ordered Father to pay child support in the amount of $78 per week.

[3] On July 28, 2003, the trial court approved an agreed entry filed by the parties. The agreed entry provided that Father was in arrears on his child support obligations in the amount of $21,932; increased Father's child support obligation to $120 per week; and ordered Father to pay an additional $50 per week towards the arrearage. On August 22, 2007, the trial court approved another agreed entry filed by the parties. This agreed entry stated that Father had an arrearage of $32,694.88.

[4] On November 28, 2007, the trial court approved a third agreed entry filed by the parties. This agreed entry provided that Father was in arrears in the amount of $33,865.62 and directed that an Income Withholding Order (IWO) be

entered for the regular weekly child support obligation of $120 plus a weekly $50 arrearage payment. That same day, Father filed a motion to modify his child support obligation. On January 23, 2008, the trial court approved an agreed entry that left the IWO in effect in the total amount of $170 per week, but directed that $90 be applied to his regular child support obligation and $80 be applied to his arrearage.

[5] On March 30, 2015, Father filed a pro se motion to terminate the IWO. Mother objected ("Mother's Objection"), stating that the remaining balance of his arrearage, including interest, totaled $14,562.82. The trial court denied Father's motion.

[6] On December 8, 2016, Father filed a second pro se motion to terminate the IWO. Following a hearing,[1] the trial court vacated the IWO and informed Father that he could petition the court for an order to command Mother to refund any overpayment he may have made. On January 18, 2017, Father filed a pro se motion for reimbursement in the amount of $287.22 plus interest.

[7] On March 3, 2017, Mother filed a motion to determine child support arrearage, including an arrearage and interest calculator and Father's payment history from November 28, 2007, through March 1, 2017. Father subsequently

---

[1] Mother did not appear at that hearing.

retained counsel and, on June 20, 2017, Father filed an amended motion for reimbursement in the amount of $14,980 plus attorney fees.

[8] The trial court held a hearing on June 21, 2017. By agreement of the parties, counsel presented evidence to the trial court in summary fashion. Father's attorney stipulated that his payment history provided by Mother was accurate. Father objected to Mother's request for statutory interest and to the admission of her arrearage and interest calculator ("Exhibit One") "due to a prior inconsistent statement." Tr. p. 10. Exhibit One shows that Father had an arrearage on March 30, 2015, of $20,468.07, whereas Mother's Objection had showed an arrearage on that same date of $14,562.82.

[9] On June 26, 2017, the trial court found that Father had an arrearage of $7,872.99, including interest, and ordered that Father should pay $1,100 of Mother's attorney fees. The trial court's order directed that Father "shall make arrangements to pay the judgment within 30 days. The judgment may be collected, if not paid by [Father], through the issuance of a Final Order of Garnishment in Proceedings Supplemental." Appealed Order p. 2. Father now appeals and Mother now cross-appeals.

# Discussion and Decision

## I. Father's Appeal

[10] Father argues, in essence, that the trial court should not have admitted Mother's Exhibit One into evidence. The admissibility of evidence is within the

trial court's discretion, and we will reverse only upon a showing of error. *In re Paternity of T.M.*, 953 N.E.2d 96, 99 (Ind. Ct. App. 2011).

[11] Initially, we note that Father does not contest the accuracy of the arrearage amount calculated by Mother or found by the trial court. Instead, he argues that Mother should be irrevocably bound to the arrearage amount contained in Mother's Objection, which did not include statutory interest and was, therefore, too low.

[12] First, he contends that Mother's Objection should be treated as an affidavit. As noted by Mother, however, the Objection is clearly a verified pleading and not an affidavit, as it contains none of the language required by Indiana Trial Rule 11(B). Moreover, even if it were treated as an affidavit, there is no evidence whatsoever that Mother falsified the calculation of her arrearage therein. Instead, she inadvertently omitted statutory interest and later recalculated to include such interest. In any event, whether or not Mother's Objection should be treated as an affidavit in no way affects the admissibility of Exhibit One.

[13] Second, Father argues that the trial court should have considered Mother's Objection to be a "prior inconsistent statement." Appellant's Br. p. 10. He does not explain, however, why this would render Exhibit One inadmissible. Moreover, it is evident that the trial court did, in fact, consider the discrepancy between the arrearage amount contained in Mother's Objection and the arrearage amount contained in Exhibit One. The trial court acknowledged that there were "two inconsistent . . . sworn statements and . . . at some point I've

got to decide what's true." Tr. Vol. II p. 7-8. The trial court then wondered whether, if Mother's original calculation had been too high, Father would have objected to a later correction, and concluded that he would not have done so. *Id.* at 19. In any event, as the trial court considered both the original Objection and the subsequent Exhibit One and weighed them within its discretion, we find no merit to this argument.

[14] Finally, Father seems to argue that Mother should be estopped from including the arrearage figure in Exhibit One because of the figure included in her original Objection. He does not, however, actually cite to the doctrine or elements of estoppel, nor would we find that the doctrine applies even if he had.

[15] It is impossible to ignore the fact that Father does not argue that the arrearage figure is inaccurate. He stipulated to the accuracy of his payment history and does not contest the amount of interest owed on the arrearage. Therefore, he cannot establish that he was harmed by the admission of Exhibit One, which merely provides a correct calculation of the amount he owes. We decline to reverse the trial court's calculation of the amount of Father's arrearage.

## II. Cross-Appeal

[16] Mother cross-appeals, arguing that the trial court erred by seemingly limiting her collection of the child support arrearage to a final order in garnishment through proceedings supplemental. We agree that the trial court's order is somewhat unclear.

[17] An order directing a person to pay a child support arrearage may be enforced by (1) a contempt finding; (2) an IWO; or (3) any other remedies available for the enforcement of a court order. Ind. Code § 31-16-12-1. In other words, Mother is not limited to a final order in garnishment through proceedings supplemental; she has other options—including an IWO—available.

[18] Consequently, we remand to the trial court with instructions to clarify that Mother is not limited to collection of the arrearage through a final order in garnishment; she is entitled to the issuance of an IWO if she so chooses.[2] She is, however, limited to collection of the attorney fee award through a final order in garnishment through proceedings supplemental.

[19] Mother also argues that she is entitled to appellate attorney fees because Father's appeal is frivolous and made in bad faith. Ind. Appellate Rule 66(E). We do not find his appeal to be frivolous or in bad faith and do not, ourselves, award appellate attorney fees. The trial court, however, has discretion to apportion attorney fees in child support matters, and may act within that discretion should Mother petition the trial court for attorney fees incurred after its order was issued.

---

[2] Mother argues that the trial court should also be required to suspend Father's driving privileges (though such an order may be stayed if an IWO and payment plan are put in place). A trial court is required to do so only "as a result of an intentional violation of an order for support," and here, the trial court has made no such finding, nor does Mother argue that Father's arrearage is an intentional violation. I.C. § 31-16-12-17. Consequently, we see no basis on the record before us to direct that Father's driving privileges be suspended.

The judgment of the trial court is affirmed in part and remanded with instructions to clarify Mother's collection remedies as stated herein and for further proceedings.

Riley, J., and Brown, J., concur.